```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN GREER and<br>MARY GREER<br>Husband and Wife,<br><br>        Plaintiffs,<br><br>    v.<br><br>CUMBERLAND COUNTY<br>PROSECUTOR'S OFFICE,<br>DETECTIVE FRANCINE WEBB, NEW<br>JERSEY STATE POLICE, NEW<br>JERSEY STATE TROOPER I.J.<br>BOLAND, JOHN DOES 1-10,<br><br>        Defendants. | Civil No. 14-3032 (NLH/AMD)<br><br>**OPINION** |

**APPEARANCES:**

JOSEPH M. CHIARELLO
JACOB & CHIARELLO
600 WEST MAIN STREET
P.O. BOX 429
MILLVILLE, NJ 08332
    On behalf of plaintiffs

LINDA A. GALELLA
RICHARDSON, GALELLA & AUSTERMUHL
142 EMERSON STREET
SUITE B
WOODBURY, NJ 08096
    On behalf of Cumberland County Prosecutor's Office and
    Detective Francine Webb

ROSHAN DEVEN SHAH
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O.L BOX 112
TRENTON, NJ 08625
    On behalf of New Jersey State Police and New Jersey State
    Trooper I.J. Boland

**HILLMAN**, District Judge

This case involves allegations that a search warrant was executed at the wrong address. Presently before the Court are the motions of defendants to dismiss plaintiffs' claims against them. For the reasons expressed below, defendants' motions will be granted.

## BACKGROUND

According to their amended complaint, on April 19, 2012, plaintiffs, John and Mary Greer, were residing at 726 Whitaker Avenue in Millville, New Jersey. Plaintiffs claim that defendants, the Cumberland County Prosecutor's Office (CCPO), CCPO Detective Francine Webb, the New Jersey State Police, and New Jersey State Police Trooper I.J. Boland, executed a search warrant on their home, instead of 762 Whitaker Avenue. As a result of the improper search, plaintiffs claim that their property was destroyed, they were subject to wrongful arrest, and they suffered physical and emotional injuries as a result of defendants' excessive force and negligence.

Plaintiff filed the instant suit against defendants for negligence and "excessive force in violation of 42 U.S.C. § 1983."[1] Defendants have moved to dismiss plaintiffs' claims.

---

[1] Plaintiffs' first count contains the statement that they were subject to "wrongful arrest and seizure" as the result of the CCPO and Webb's "negligent acts and omissions." (Amend. Compl.

Plaintiffs have opposed their motions.

## DISCUSSION

**A.  Subject matter jurisdiction**

Defendants removed plaintiffs' case to this Court, which has jurisdiction over plaintiffs' federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367.

**B.  Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the

---

¶¶ 4, 5.)  Because plaintiffs do not assert that they are bringing this count pursuant to 42 U.S.C. § 1983, the Court does not construe this claim to be alleging violations of their constitutional rights but rather a state law tort claim.  West v. Atkins, 487 U.S. 42, 48 (1988) (explaining that in order to state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law). If plaintiffs intended to assert such a constitutional violation claim in Count 1, it would fail for the same reasons as their "excessive force" claims, as explained below.

liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

  A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a

4

district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  <u>Fowler</u>, 578 F.3d at 210 (citing <u>Iqbal</u>, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  <u>Id.</u> (quoting <u>Iqbal</u>, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  <u>Id.</u>; see also <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  <u>Hedges v. U.S.</u>, 404 F.3d 744, 750 (3d Cir. 2005) (citing <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991)).

A court in reviewing a Rule 12(b)(6) motion must only

5

consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

### C. Analysis

Plaintiffs claim that defendants' execution of the search warrant at their home at 726 Whitaker instead of the address on the warrant - 762 Whitaker - was negligent and perpetrated with excessive force, and they suffered economic and non-economic injuries as a result.  Plaintiffs' bare-bones complaint contains no more detail about the incident or their damages.  Defendants have moved to dismiss plaintiffs' claims on several bases.

### (1) Plaintiffs' excessive force claims

Plaintiffs claim that all the defendants used "excessive force" in violation of 42 U.S.C. § 1983.  As a primary matter, § 1983 is not a source of substantive rights, but instead provides

6

a vehicle for vindicating the violation of other federal rights. Graham v. Connor, 490 U.S. 386, 393-94 (1989). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Plaintiffs allege that defendants used "excessive force," but they do not specify what "right secured by the Constitution or laws of the United States" defendants allegedly violated. The Court will construe their "excessive force" claim to allege a violation of the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989) (explaining that the Fourth Amendment prohibits the use of excessive force during the course of an arrest).

To the extent Plaintiffs plead Fourth Amendment violations by defendants, their claims do not survive, for several reasons.

7

First, plaintiffs cannot maintain § 1983 claims against the New Jersey State Police or the Cumberland County Prosecutor's Office because they are not "persons" who can act under the color of law. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (explaining that a state or an arm of the state is not a "person" within the meaning of § 1983); Smith v. New Jersey, 908 F. Supp. 2d 560, 563 (D.N.J. 2012) (dismissing a § 1983 claim against the State of New Jersey and the New Jersey State Police because the state and arms of the state may not be sued under § 1983); Wright v. State, 778 A.2d 443, 462 (N.J. 2001) ("The legislative delegation, in combination with the Attorney General's supervisory authority and power to supersede, demonstrates that at its essence the county prosecutors' law enforcement function is clearly a State function."); Briggs v. Moore, 251 F. App'x 77, 79 (3d Cir. 2007) (citing Reitz v. County of Bucks, 125 F.3d 139, 148 (3d Cir. 1997)) (finding that a county prosecutor's office is not a separate entity that can be sued under § 1983).

Second, with regard to plaintiffs' excessive force claims against CCPO Detective Webb and New Jersey State Trooper Boland, those claims must be dismissed for insufficient pleading. "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing . . . . Personal involvement can be shown through allegations of

8

personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). In their amended complaint, other than generally stating that Webb and Boland searched the wrong house and used excessive force, plaintiffs do not ascribe any specific wrongdoing to Webb or Boland.[2] The fundamental "short and plain statement of the claim showing that the pleader is entitled to relief" required by Rule 8(a)(2) is completely lacking, and everyone is left to guess as to Webb's and Boland's role in the execution of the search warrant at plaintiffs' home. In contrast to what Twombly and Iqbal instruct, plaintiffs' deficient pleading does not provide enough facts to raise a reasonable expectation that discovery will reveal evidence to support their excessive force claims.

Thus, all of plaintiffs' claims brought pursuant to § 1983 for excessive force must be dismissed as to all defendants.

**(2) Plaintiffs' negligence claims**

Plaintiffs claim that the CCPO, the New Jersey State Police, Webb, and Boland acted negligently when they executed

---

[2] Plaintiffs also fail to indicate whether Webb and Boland are being sued in their official or individual capacities. To the extent Webb and Boland are sued in their official capacity, the claim fails. Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."); cf., Kentucky v. Graham, 473 U.S. 159, 166 (1985) (explaining that personal capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law").

9

the search warrant at the wrong address. These claims fail for essentially the same reasons as plaintiffs' excessive force claims.

As a primary matter, plaintiffs have not provided any indication that the State, including the CCPO, New Jersey State Police, and Webb in her official capacity, have waived their sovereign immunity to suit for plaintiffs' negligence claims.[3] See Royster v. New Jersey State Police, 110 A.3d 934, 941 (N.J. Super. Ct. App. Div. 2015) (quoting Allen v. Fauver, 167 N.J. 69, 73-74, 768 A.2d 1055 (2001)) (explaining that (1) New Jersey courts "have long recognized that an essential and fundamental aspect of sovereignty is freedom from suit by private citizens

---

[3] The State defendants argue that they are immune from suit under the Eleventh Amendment. Even though under the Eleventh Amendment "an unconsenting State is immune from suits brought in federal courts by her own citizens," Edelman v. Jordan, 415 U.S. 651, 663 (1974), because the CCPO, which is considered to be the State, see Woodyard v. County of Essex, 514 F. App'x 177, 182 (3d Cir. 2013), voluntarily removed plaintiffs' case from state court to federal court, the State is not entitled to Eleventh Amendment immunity, Lapides v. Bd. of Regents, 535 U.S. 613, 624 (2002) (finding that a state may waive its immunity through its litigation conduct by removing a case to federal court thereby invoking federal court jurisdiction). The State defendants are nonetheless immune to suit because plaintiffs have not shown that they have complied with the New Jersey Tort Claims Act. See Brick City Grill, Inc. v. City of Newark, 2015 WL 1471992, *3 (D.N.J. 2015) (quoting Lemma v. Pennwood Racing, 2011 WL 2349820, *3 (N.J. Super. App. Div. 2011) (finding that "[a]n affirmative defense, such as immunity from liability under the [Tort Claims Act], may be raised in a motion to dismiss . . . based upon the allegations in the pleadings").

for money judgments absent the State's consent"; and (2) under New Jersey precedent, legislative consent to suit is "integral to [the] waiver of sovereign immunity." (citing the Legislature's enactment of the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3)).

Next, with regard to the claims of negligence against Webb and Boland, aside from any state law-based immunities,[4] plaintiffs' complaint is as devoid of facts to support their negligence claims as it is for their excessive force claims. The complaint is silent as to how Webb or Boland acted negligently with regard to the execution of the search warrant.[5]

---

[4] See, e.g., N.J.S.A. 59:3-3 ("A public employee is not liable if he acts in good faith in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment.").

[5] In their opposition to defendants' motions to dismiss, plaintiffs attach, among several other documents, the affidavit in support of the search warrant prepared by Detective Webb, as well as the search warrant signed by the Superior Court Judge. Plaintiffs may not supplement the claims in their complaint through their opposition to a motion to dismiss. Assuming, without finding that these documents are "undisputedly authentic," they should have been attached or specifically referred to in the complaint.

The Court notes two other issues related to these documents. First, the CCPO has moved to seal the documents because they are part of an open law enforcement investigation. The Court agrees with the CCPO that the documents meet the elements of Local Civil Rule 5.3(c)(2) and should be kept under seal. Second, the search warrant affidavit and the search warrant clearly show at the top of both documents that the property to be searched is 726 Whitaker Avenue. The search warrant affidavit references 726 Whitaker Avenue six times, and it includes a photograph of

Simply pleading that they were negligent is the type of "bald assertion" or "legal conclusion" that is not sufficient to maintain a cause of action. Consequently, plaintiffs' negligence claims against all defendants must be dismissed.[6]

---

the home, along with a description of the premises. The house number is transposed to 762 two times in the document (making eight total references to Whitaker Avenue). The search warrant itself refers to Whitaker Avenue four times, with only one instance of 726 being switched to 762. Overall the documents leave the impression that "762" is the typographical error not the other way around raising the question as to whether 726 Whitaker Avenue, where plaintiffs lived, was in fact the intended location of the search warrant. We raise this point because it proves the inadequacy of Plaintiffs' pleading, not as an assessment of whether the search warrant violated plaintiffs' rights, an issue not before the Court at this time. Rather, the Court must only determine whether plaintiffs met their obligation to properly plead their claims to comply with Rule 8 and Twombly/Iqbal. Paragraph 3 of the Amended Complaint alleges that the "premises to be searched was 762 Whitaker Avenue." A review of the warrant itself shows that this allegation is at best incomplete and, at worst, misleading. More than anything, it shows the inadequacy of the pleading under the Twombly/Iqbal standard.

[6] Boland has also moved to dismiss plaintiffs' claims against him because they are barred by the two-year statute of limitations. See Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010) (claims under § 1983 have a two-year statute of limitations); N.J.S.A. 2A:14-2 (negligence claims under New Jersey law have a two-year statute of limitations). Boland argues that he was named as a defendant for the first time when plaintiffs filed their amended complaint on September 16, 2014, which is more than two years after the April 19, 2012 incident. Boland argues that plaintiffs' use of the fictitious defendant rule, N.J. Ct. R. 4:26-4, or the relation back doctrine, N.J. Ct. R. 4:9-3 and Fed. R. Civ. P. 15(c)(1)(C)(i) and (ii), do not save their late claims. Because the Court will dismiss plaintiffs' complaint for other reasons, the Court need not consider this argument, other than to note that the Court cannot determine whether relation back would be permitted under Fed. R. Civ. P. 15(c)(1)(A), through N.J. Ct. R. 4:26-4 and N.J. Ct. R.

**CONCLUSION**

For the reasons expressed above, all claims in plaintiffs' complaint shall be dismissed. An appropriate Order will be entered.


Date: June 8, 2015                    s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

4:9-3, or under Fed. R. Civ. P. 15(c)(1)(C), without looking to evidence beyond the pleadings with regard to plaintiffs' due diligence, which is not appropriate on these current motions to dismiss.